UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RICKY D. ARNOLD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CV415-0059 |
| | ) |
| WARDEN HILTON HALL, JR., | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Convicted of child molestation charges in 2007 and sentenced to 40 years with no parole, *Arnold v. State*, 305 Ga. App. 45 (2010), Ricky D. Arnold challenges part of that conviction under 28 U.S.C. § 2254. Doc. 1 at 15 ("overturn the conviction on count one and allow the defendant to serve a 10 year sentence with the possibility of parole."). Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, his petition must be dismissed on untimeliness grounds.[1]

---

[1] Under 28 U.S.C. § 2244(d)(1), the one-year, federal statute of limitations clock on filing a § 2254 petition is stopped while a properly filed state collateral review matter is pending. 28 U.S.C. § 2244(d)(2); *Rich v. Secretary for Dept. of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga.

Arnold's own petition shows why. He says he exhausted his direct appeal on Jan. 14, 2011, doc. 1 at 2.[2] The state court judgment thus became final, for federal habeas purposes, on April 14, 2011 -- the expiration of the 90-day period in which Arnold could have filed a petition for writ of certiorari in the U.S. Supreme Court. *Chavers v. Secretary, Florida Dep't of Corrs.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of *certiorari* to the U.S. Supreme Court; that 90-day clock begins to run

---

Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. And "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at *1.

[2] He says the Georgia Supreme Court denied his certiorari petition on January 14, 2011, doc. 1 at 2, while Westlaw says January 13, 2011. The one-day discrepancy, however, is immaterial in light of the analysis above.

on the date of the appellate court's affirmance of the conviction, not the date that it issues its mandate).

Petitioner thus had until April 14, 2012 to keep the ball rolling by filing a state habeas petition. But he did not do so until September 24, 2013. *Id.* at 3. He ran out the clock and it cannot be restarted. *See supra* n. 1; *Mashburn v. Thomas*, 2015 WL 247730 at * 10 (N.D. Ala. Jan. 20, 2015) (a belated, state-court granted appeal failed to restart the federal limitations clock: it "ran out, and the fact that Mashburn subsequently requested, and was granted, a belated appeal does not operate to retroactively statutorily toll those [clock-running] days.").

Arnold's § 2254 petition therefore should be **DENIED** as untimely. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  8th  day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA