UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RICKY D. ARNOLD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CV415-0059. |
| WARDEN HILTON HALL, JR., | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Convicted of child molestation charges in 2007 and sentenced to 40 years with no parole, *Arnold v. State*, 305 Ga. App. 45 (2010), Ricky D. Arnold challenges part of that conviction under 28 U.S.C. § 2254. Doc. 1 at 15 ("overturn the conviction on count one and allow the defendant to serve a 10 year sentence with the possibility of parole."). Upon preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, the undersigned recommended that his petition be dismissed on untimeliness grounds.[1] Doc. 5 (Report and Recommendation (R&R)).

---

[1] Under 28 U.S.C. § 2244(d)(1), the one-year federal statute of limitations clock on filing a § 2254 petition is stopped while a properly filed state collateral review matter

Arnold's own petition shows why. He says he exhausted his direct appeal on Jan. 14, 2011. Doc. 1 at 2.[2] The state court judgment thus became final, for federal habeas purposes, on April 14, 2011 -- the expiration of the 90-day period in which Arnold could have filed a petition for writ of certiorari in the U.S. Supreme Court. *Chavers v. Secretary, Florida Dep't of Corrs.*, 468 F.3d 1273, 1274-75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ

---

is pending. 28 U.S.C. § 2244(d)(2); *Rich v. Secretary for Dept. of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). "An application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Rich*, 512 F. App'x at 983 (quotes and cite omitted); *Everett v. Barrow*, 861 F. Supp. 2d 1373, 1375 (S.D. Ga. 2012).

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Secretary, Fla. Dept. of Corrs.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. And "[a]n application that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period." *Gorby v. McNeil*, 530 F.3d 1363, 1367 (11th Cir. 2008) (cite omitted); *Dixon v. Hart*, 2013 WL 2385197 at * 3 (S.D. Ga. May 21, 2013). Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state postconviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at *1.

[2] He claims that the Georgia Supreme Court denied his certiorari petition on January 14, 2011, doc. 1 at 2, while Westlaw says January 13, 2011. The one-day discrepancy, however, is immaterial in light of the analysis above, so the Court will accept, for the purposes of this ruling, the January 14, 2011 date.

2

of *certiorari* to the U.S. Supreme Court; that 90-day clock begins to run on the date of the appellate court's affirmance of the conviction, not the date that it issues its mandate).

Petitioner thus had one year -- until April 14, 2012 -- to keep the ball rolling by filing a state habeas petition. He filed his state habeas petition on September 24, 2013 -- 894 days past the date his conviction became final. The § 2254 form petition that he filed here directed him to explain why the one-year bar did not apply. Doc. 1 at 13. In response, he wrote (in raw, unedited form): "My Council Passed away *soon after* Cert was denied by the Georgia Supreme Court." *Id.* (emphasis added).

Hence, Arnold knew that his lawyer died soon after January 14, 2011. *Id.* at 2. Yet he filed nothing from "soon after" January 14, 2011 until September 24, 2013. *Id.* at 3. And when he did file his state habeas petition, it was 528 days too late (the time between the April 14, 2012 deadline and his September 24, 2013 habeas petition). And even after the § 2254 form reminded him of the time-bar, he sought no equitable

tolling here,[3] nor pointed to any placeholder petition or motion to extend time that he had filed in the state habeas court.

Arnold thus ran out the clock and it could not be restarted. *See supra* n. 1; *Mashburn v. Thomas*, 2015 WL 247730 at * 10 (N.D. Ala. Jan. 20, 2015) (a belated appeal, allowed by the state court, failed to restart the federal limitations clock: it "ran out, and the fact that Mashburn subsequently requested, and was granted, a belated appeal does not operate to retroactively statutorily toll those [clock-running] days."). Again, this Court advised dismissal on untimeliness grounds. Doc. 5.

---

[3] As recently explained:

> When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." [*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotes omitted)].

*Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015); *see also id.* at 822 (attorney's failure to ascertain and comply with correct filing deadline for habeas petition was not of such egregious nature that it qualified as extraordinary circumstance meriting equitable tolling of statutory period, even if petitioner was reasonably diligent in pursuing his rights, where attorney did not abandon petitioner, lie to him, or fail to communicate with him but, rather, *negligently failed to do enough* research to arrive at correct date).

In his Objection to that R&R, Arnold "contend[ed] that his habeas petition should not be dismissed as untimely because his retained attorney was suffering from cancer and failed to timely file a state habeas petition before passing away. [He further] claim[ed] that, upon learning of his counsel's untimely passing, [he] diligently attempted to acquire his case materials and file a habeas petition on his own behalf, ultimately filing a petition in September 2013. Based on these circumstances, [Arnold] argue[d] that his time for filing a federal habeas petition should be equitably tolled." Doc. 8 (district judge's Order) at 1. The district judge therefore rejected the R&R and re-referred the petition "to assess [it] in light of [his] claim for equitable tolling." *Id* at 2.

Upon further assessment, equitable tolling is not justified. Arnold does not dispute his 528-day delay, nor claim legal ignorance of the limitations deadline.[4] He also knew that his lawyer -- neither pled nor

---

[4] And legal ignorance -- even if *caused by counsel* -- will not suffice:

> Spears also has not shown how his attorney's misleading advice regarding his appellate rights prevented him from timely filing a § 2254 petition. *See Holland*, 560 U.S. at 649, 130 S.Ct. at 2562. While we understand why Spears might have chosen to rely on his counsel's advice, he had the ability to choose not to rely upon it. We have stated that "*pro se* litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United*

5

shown to be legally obligated to continue representing him after his direct appeal was exhausted -- passed away shortly after the Georgia Supreme Court denied relief. Yet despite that knowledge, along with his (actual or imputed) awareness of the one-year deadline, he took no clock-stopping action in the state habeas court.[5] Note, in that regard, that petitioner was never legally entitled to assistance of counsel on state collateral review. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lugo v. Sec'y, Fla. Dep't of Corrs.*, 750 F.3d 1198, 1213 (11th Cir. 2014).

Arnold therefore is analytically no different than those denied equitable tolling for untimeliness caused by legal ignorance, low intellect, lack of counsel, or even bad advice from those who are assisted by

---

*States*, 485 F.3d 1273, 1282 n. 4 (11th Cir. 2007) (concerning the one-year limitation period for motions by federal prisoners under 28 U.S.C. § 2255). And we have not accepted a lack of a legal education as an excuse for a failure to file in a timely fashion. *See Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness" (quoting *Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)).

*Spears v. Warden*, 2015 WL 1530119 at * 3 (11th Cir. Apr. 7, 2015).

[5] This typically means filing a state habeas petition, since "normally requests for extensions in state court, and even state court orders granting them, do not toll [the] statutory limitations period, *see Howell v. Crosby*, 415 F.3d 1250, 1251 (11th Cir. 2005). . . ." *Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1212 (11th Cir. 2014).

6

counsel. *Spears*, 2015 WL 1530119 at * 3; *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (nothing in state law mandated assistance of counsel on § 2254 petitions, petitioner was aware of the limitations period and could have filed a *pro se* skeletal petition while seeking appointment of federal habeas counsel, but did not; and the fact that federal habeas counsel was overburdened by a busy docket did not support equitable tolling either); *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006); *Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005) (petitioner's allegations that his full-scale IQ was 81 and that he had "suffered from mental impairments his entire life" alone were insufficient to justify equitable tolling because they did not establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition."), *aff'd*, 549 U.S. 327 (2007). And "periods in which a prisoner is separated from his legal papers are generally not extraordinary circumstances for which equitable tolling is appropriate." *Moore v. Frazier*, 2015 WL 1424198 at * 3 (11th Cir. Mar. 31, 2015).

Accordingly, the Court again advises **DISMISSAL** of Arnold's § 2254 petition as untimely. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this

7

stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 5-Th day of May, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA